# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON

**KENNETH SIGMAN,**

    **Movant,**

v.                                           **Case No. 2:07-cr-00032**
                                                          **Case No. 2:12-cv-00991**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed on April 6, 2012. (ECF No. 46.) This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Kenneth Sigman (hereinafter "Defendant") is serving a 135-month sentence upon his guilty plea, pursuant to a written plea agreement, to one count of conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 846. (Judgment in a Criminal Case, imposed on July 20, 2007 and entered July 23, 2007.) Defendant's written plea agreement waived his right to appeal the reasonableness of his sentence, so long as it was within the Guideline range, and also waived the appeal of any fine within the Guideline range. (ECF No. 23 at 6.) Defendant did not take a direct appeal.

On April 6, 2012, Defendant filed the instant section 2255 motion, asserting that the District Court sentenced him under the mandatory Federal Sentencing Guidelines and improperly enhanced his sentence with additional quantities of drugs that were not attributable to him and for a role in the offense that was not found by a jury or admitted by Defendant. (ECF No. 46 at 4.) Defendant's brief also contains allegations that Defendant felt pressured by prosecutors and law enforcement and, thus, his guilty plea was involuntary.

## ANALYSIS

Prior to 1996, a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 was not subject to a specific time limitation with respect to filing of the motion. However, in 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act of 1996,(hereinafter the "AEDPA"), which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255.

> The one-year period runs from the latest of one of four specified events:
>
> (1) the date on which the judgment on conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or Laws of the United States is removed if the movant was prevented from making such motion by governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court if that right has been duly recognized by the Supreme Court and made retroactively applicable to cases on review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Defendant's conviction became final on the eleventh day after the entry of the Judgment in a Criminal Case, or on or about August 3, 2007, because he did not take a

direct appeal. Rule 4(b), Federal Rules of Appellate Procedure.[1] The one year period for filing a § 2255 motion expired on August 3, 2008.

Defendant's judgment was entered well after the Supreme Court declared the Federal Sentencing Guidelines to be advisory in *United States v. Booker*, 543 U.S. 220 (2005). Thus, Defendant's sentence was imposed under the advisory Guidelines. Moreover, the Supreme Court has never declared the *Booker* decision to be retroactively applicable on collateral review, such as here. Therefore, section 2255(3) is inapplicable.

The Supreme Court has held that the AEDPA limitation period is subject to equitable tolling. *Holland v. Florida*, 130 S. Ct. 2549 (2010); s*ee also Harris v. Hutchinson*, 209 F.3d 325, 329-330 (4th Cir. 2000). As to when equitable tolling should apply, the Fourth Circuit has stated:

> We believe, therefore, that any resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Id.* at 330. The Court opined that equitable tolling should apply in "two generally distinct kinds of situations:" (1) where a plaintiff/petitioner is prevented from asserting his claim by some kind of wrongful conduct on the part of the defendant/respondent; and (2) where <u>extraordinary circumstances</u> beyond the plaintiff/petitioner's control made it impossible to file the claims on time. *Id.* [Emphasis added].

Defendant's motion mentions procedural default and actual prejudice based on the "Government's errors." (ECF No. 46 at 9.) Defendant's motion asserts that the Government argued for the application of a leadership role enhancement, despite knowing it wasn't warranted by the evidence. Defendant further asserts that his guilty

---

[1] Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure was amended in 2009 to modify this time period from 10 days to 14 days. Defendant's judgment was entered prior to this amendment taking effect. Thus, the prior rule is applicable to his case.

plea was coerced.  These assertions are not grounds for tolling the statute of limitations; nor are they sufficient excuses to overcome Defendant's procedural default of not raising these claims in a direct appeal.

The undersigned proposes that the presiding District Judge **FIND** that Defendant's conviction became final on or about August 3, 2007, when the time for filing a notice of appeal expired, and none of the other events specified in section 2255 apply in this case.  Therefore, Defendant's time to file his section 2255 motion expired on or about August 3, 2008, and his present motion is untimely.  The undersigned proposes that the presiding District Judge **FIND** that no exceptional circumstances exist to justify tolling the period of limitation.

It is respectfully **RECOMMENDED** that Defendant's § 2255 motion (ECF No. 46) be dismissed with prejudice as untimely.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.


Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on the United States Attorney and Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant and to transmit it to counsel of record.

<u>May 24, 2012</u>

Mary E. Stanley
United States Magistrate Judge